IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA PRYOR, | ) |
| | ) |
| Plaintiff, | ) No. 2020-CV-00028 |
| | ) Honorable John J. Tharp, Jr. |
| v. | ) Magistrate: Honorable Sunil R. |
| | ) Harjani |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE A PRIVILEGE LOG COMPLIANT WITH FRCP 26(b)(5) AND CASE LAW

NOW COMES Plaintiff, CYNTHIA PRYOR, by and through her attorneys, BIZZIERI LAW OFFICES, LLC, and for her Motion to Compel Defendant, TARGET, states as follows:

## PROCEDURAL HISTORY

On January 30, 2020, the Honorable Sunil R. Harjani entered an Order causing written discovery requests to be issued by March 6, 2020. (Dkt. #21.) Plaintiff complied and issued her written discovery requests on February 24, 2020.

Due to the recent pandemic and this Court's March 30, 2020 Covid-19 Order, Defendant answered written discovery and provided a privilege log on April 7, 2020. (Exhibit A, Target Corp.'s Privilege Log.)

On April 9, 2020, pursuant to FCRP 37, Plaintiff's counsel sent a letter via email to Defendant's counsel regarding his position on the insufficiency of the provided Privilege Log and requested an updated/amended privilege log that was complicit with FRCP 26(b)(5) and relevant case law. (Exhibit B, Plaintiff counsel's 4/9/20 Rule 37 letter.)

1

Shortly thereafter, Defendant's counsel emailed a reply stating that he disagreed with Plaintiff counsel's position, to which, Plaintiff's counsel advised of the necessity to file this Motion with this Court. (See Exhibit C, email exchanges between lead trial counsels on 4/9/20.)

On May 14, 2020, after email exchanges, Defendant agreed to submit a revised and clarified privilege log.

On May 18, 2020, Defendant's revised and clarified privilege log was sent via email. (See Exhibit D, Target Corp.'s Revised and Clarified Privilege Log.)

On May 19, 2020, Plaintiff's counsel informed Defendant's counsel was still not sufficient and was still not complicit with FRCP 26(b)(5) and relevant case law.

On May 20, 2020, lead counsel for Defendant and Plaintiff's counsel spoke about the privilege log and the lawyers agreed we were at an impasse. As such, this Motion is ripe for filing.

## LEGAL ANALYSIS

### Target's Privilege Log Does Not Comply with FRCP 26(b)(5) and The Relevant Case Law

Turning to Target's claims of privileges, the gist of the recently provided privilege log suggests that everyone and everything involved in the investigation of this matter, all communications between the defendant, all communications between the defendant and a unknown claims representative and the still unknown documents are privileged under the work-product doctrine, attorney-client privilege and insured-insurer privilege. (See, Exhibits A and D.) "Fed.R.Civ.P. 26(b)(5) requires that, entries in a privilege log describe the documents in a manner that allows the reader to assess the claim. The rule must be read in conjunction with long-standing case law making it clear that the party asserting a privilege has the burden of establishing all of its elements on a document by document basis, and that privileges are narrowly construed." *Surgery*

2

*Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 632 (N.D. Ill. 2016).

Here, the Rule 26(b)(5) requirement has not been met as the privilege log itself is insufficient because it improperly groups the documents and privileges together. There is no discernable means by which Plaintiff's counsel, or this Court, can assess the claims or identify what privileges are being asserted over which documents. The generally referred to documents are not itemized "on a document by documents basis". Instead, they are grouped together in a cluster. Furthermore, there are no definitive dates associated with any documents. Instead, the dates are listed as "various". There are no listed identities of authors by name/title nor are there any listed identities by name/title of the recipients of any documented communications, including emails and letters. Also, there is nothing provided indicating the subject matter of these documented communications, emails, letters or notes.

There is a Northern District case that clearly lays out the law in the Seventh Circuit as it relates to the claims of privilege in this matter. *Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.*, 152 F.R.D. 132 (1993). The *Allendale* court succinctly stated that, "both the attorney-client privilege and the work product privilege are important limitations on the scope of discovery. The work product privilege exists so that one party cannot gain an unfair advantage over another by learning the other party's counsel's strategies and legal theories. *Binks Mfg. Co. v. Nat. Presto Industries, Inc.*, 709 F.2d 1109, 1118 (7th Cir.1983). The attorney-client privilege is designed to prevent the disclosure of confidential information about a client. *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.1983). However, the scope of discovery is generally broad, and courts look unfavorably upon anything which narrows that scope. As the attorney-client and work product

3

privileges obscure the search for the truth, they are both narrowly construed by courts to restrict their impact upon the discovery process. *See, e.g., In re Walsh,* 623 F.2d 489, 493 (7th Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980). The Seventh Circuit's cases are consistent with this general rule, in their warning that the scope of privileges "should be confined to the narrowest possible limits." *Lawless,* 709 F.2d at 487. In accordance with the holdings of the Seventh Circuit, this court also narrowly interprets any claim of attorney-client or work product privilege." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 152 F.R.D. 132, 135 (N.D. Ill. 1993.)

As stated by the Courts in a fairly recent Northern District cases:"[t]he mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements."); *Rao v. Bd. of Trustees of the Univ. of Illinois,* 2016 WL 6124436, (N.D. Ill. Oct. 20, 2016)("A timely and adequate privilege log is required by the federal rules, and the failure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery."); *Patrick v. City of Chicago,* 111 F.Supp.3d 909 (N.D. Ill. 2015); *Buonauro v. City of Berwyn,* 2011 WL 3754820, (N.D. Ill. Aug. 25, 2011); ("[A] timely and adequate privilege log is required by the federal rules, and ... failure to serve an adequate privilege log may result in a waiver of any protection from discovery.")." *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.,* 317 F.R.D. 620, 631–32 (N.D. Ill. 2016).

## **Work Product Privilege**

Target contends that work-product privilege is applicable herein. However, due to the insufficiency of the log itself, there is no way to know if this privilege applies. Before it can be properly assessed that a privilege might our could apply by Plaintiff's counsel, and this Court, the

4

privilege log must be properly amended.

For the work-product privilege to apply, the documents must have been created in *anticipation of litigation*. The *Allendale* court elaborated on this point and stated that, "it is the very nature of an insurer's business to investigate and evaluate the claims of its insured, and the fact that the investigation and evaluation continues after [or before] litigation commences is not conclusive proof that material has been created to aid in that litigation. Moreover, Allendale was contractually obligated to continually notify its reinsurers of the status of the claim, and such routine notifications do not qualify as work-product of an attorney or agent of Allendale prepared in anticipation of litigation.

"The work product privilege operates only within narrow confines. The principal restriction is that the material in question must have been produced in anticipation of litigation. *See,* Fed.R.Civ.P. 26(b)(3); See, *Harper v. Auto–Owners Ins. Co.,* 138 F.R.D. 655, 659 (S.D.Ind.1991). Furthermore, the anticipation of future litigation must have been the primary motivation which led to the creation of the documents. *National Union Fire Ins. Co. v. Murray Sheet Metal Co.,* 967 F.2d 980, 984 (4th Cir.1992). Although the litigation need not be ongoing or imminent, "the primary motivating purpose behind the creation of a document or investigative report must be to aid in possible future litigation." *Janicker v. George Washington University,* 94 F.R.D. 648, 650 (D.D.C.1982). Documents which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable. See, *Harper,* 138 F.R.D. at 660, 661; *Henderson v. Zurn Industries, Inc.,* 131 F.R.D. 560, 570 (S.D.Ind.1990)." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 152 F.R.D. 132, 135–36 (N.D. Ill. 1993.)

The mere fact that litigation does eventually ensue does not, by itself, cloak materials prepared by an attorney with the protection of the work product privilege; the privilege is not that broad. Rather, as the court stated in *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir.1977): "The work product rule does not come into play merely because there is a remote prospect of future litigation. Moreover, the mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business investigates for its own purposes, the resulting investigative report is produceable in civil pre-trial discovery. A more or less routine investigation of a possibly resistable claim is not sufficient to immunize an investigative report developed in the ordinary course of business." *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118–19 (7th Cir. 1983.)

## Attorney-Client Privilege

Within the privilege log, Target also contends that certain documents are privileged pursuant to the insured-insurer privilege. However, again, due to the insufficiency of the log itself, there is no way to know if this privilege applies. Before it can be properly assessed that a privilege might our could apply by Plaintiff's counsel, and this Court, the privilege log must be properly amended.

Supreme Court Rule 201(b)(2) provides:

"All matters that are privileged against disclosure on the trial, including privileged communications between a party or his agent and the attorney for the party, are privileged against disclosure through any discovery procedure. Material prepared by or for a party in preparation for trial is subject to discovery only if it does not contain or disclose the theories, mental impressions, or litigation plans of the party's attorney." 134 Ill.2d R. 201(b)(2).

"The purpose of the attorney-client privilege is to encourage and promote full and frank consultation between a client and legal advisor by removing the fear of compelled disclosure of

information." (*Consolidation Coal Co. v. Bucyrus–Erie Co.* (1982), 89 Ill.2d 103, 117–18, 59 Ill.Dec. 666, 432 N.E.2d 250.) However, the privilege is not without conditions, and we are mindful that it is the privilege, not the duty to disclose, that is the exception. (*Consolidation Coal,* 89 Ill.2d at 117–18, 59 Ill.Dec. 666, 432 N.E.2d 250.) Therefore, the privilege ought to be strictly confined within its narrowest possible limits. Further, the attorney-client privilege is limited solely to those communications which the claimant either expressly made confidential or which he could reasonably believe under the circumstances would be understood by the attorney as such. (*Consolidation,* 89 Ill.2d at 119, 59 Ill.Dec. 666, 432 N.E.2d 250; McCormick, Evidence § 91, at 217 (3d ed. 1984).) Finally, we note that in Illinois, we adhere to a strong policy of encouraging disclosure, with an eye toward ascertaining that truth which is essential to the proper disposition of a lawsuit. *Monier v. Chamberlain* (1966), 35 Ill.2d 351, 359, 221 N.E.2d 410." *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 144 Ill. 2d 178, 190, 579 N.E.2d 322, 326–27 (1991)

"The attorney-client privilege is designed to protect from discovery documents which reflect communications between a client and his attorney, because such communications might contain confidential information about the client. *United States v. White,* 950 F.2d 426, 430 (7th Cir.1991). As with the work product privilege, the attorney-client privilege is a narrow one, and only applies within certain carefully described limits. In the Seventh Circuit, similar to the State of Illinois, the scope of the privilege has been defined as follows: (1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived. *White,* 950 F.2d at 430 (see also, *In re Grand Jury January 246,* 272

7

Ill.App.3d 991, 996, 209 Ill.Dec. 518, 651 N.E.2d 696 (1995) (citing *People v. Adam,* 51 Ill.2d 46, 48, 280 N.E.2d 205 (1972); *Chicago Tr. Co. v. Cook Cty. Hosp.,* 298 Ill. App. 3d 396, 407, 698 N.E.2d 641, 649 (1998)). The privilege applies to communications both by a client to a lawyer and from a lawyer to a client. *United States v. Defazio,* 899 F.2d 626, 635 (7th Cir.1990). But, the legal advice given to the client must be the predominant element in the communication; the privilege will not apply where the legal advice is incidental to business advice. *United States v. International Business Machines Corp.,* 66 F.R.D. 206, 212 (S.D.N.Y.1974). As a result, where documents or conversations are created pursuant to business matters, they must be disclosed. *International Business Machines Corp.,* 66 F.R.D. at 212." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 152 F.R.D. 132, 137 (N.D. Ill. 1993.)

### **Insured-Insurer Privilege**

Lastly, within the privilege log, Target contends that certain documents regarding Sedgwick's Claims Management Notes are privileged pursuant to the insured-insurer privilege. "[A] privilege also extends to communications between an insurer and an insured, where the insurer has a duty to defend. *Chicago Tr. Co. v. Cook Cty. Hosp.,* 298 Ill. App. 3d 396, 407, 698 N.E.2d 641, 649 (1998)). Sedgwick, a TPA, is contracted by the insurer to investigate and evaluate the claim. As such, the claim notes of the investigation may be discoverable. However, yet again, due to the insufficiency of the log itself, there is no way to know if this privilege applies. Before it can be properly assessed that a privilege might our could apply by Plaintiff's counsel, and this Court, the privilege log must be properly amended.

## **CONCLUSION**

Federal Rule 26(b)(5), the relevant case law, as well as fairness dictates here; and, Plaintiff should be entitled to probe the substance of the investigation, notes (except those of counsel) and communications to determine the sufficiency of these asserted privileges as well communications (except those with counsel). Target should not be able to blanketly cloak the contents of the log under the secrecy of privilege. Plaintiff must be afforded the opportunity to review and assess a privilege log under the rules and law so that Plaintiff's counsel, and this Court, if necessary, can determine the sufficiency of the stated privileges and whether the same are applicable herein.

WHEREFORE, Plaintiff hereby respectfully request that this Honorable Court grant Plaintiff's Motion to Compel and order the Production of a Privilege Log Compliant with FRCP 26(b)(5) and Relevant Case Law.

Respectfully submitted,

BIZZIERI LAW OFFICES, LLC

By: _____
James L. Bizzieri

BIZZIERI LAW OFFICES, LLC
James L. Bizzieri (6284686)
10258 S. Western Avenue, Suite 210
Chicago, Illinois 60643
T: (773)881-9000
F: (773)881-9009
jlbizzieri@bizzierilaw.com

## CERTIFICATE OF SERVICE

I, James L. Bizzieri, an attorney, hereby certify that on **May 29, 2020**, I electronically filed the attached Motion to Compel Defendant to Produce a Privilege Log Compliant with FRCP 26(b)(5) and Case Law with the Court's CM/ECF system, which simultaneously sent an electronic copy of the same to all counsel of record.

*/s/ James L. Bizzieri*
James L. Bizzieri
